# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:18-cv-02368-AB (SK) | Date | November 9, 2018 |
|---|---|---|---|
| Title | Mr. Soon Park v. Mr. Morris et al. | | |

Present: The Honorable Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: MIXED PETITION**

Petitioner, a California state prisoner, raises two claims challenging his conviction and sentence for forcible sexual penetration. (Pet., ECF No. 1). However, all judicially-noticeable evidence indicates that the Petition may not be fully exhausted. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (Court may take judicial notice of public dockets). Federal courts may not grant habeas relief to a petitioner held in state custody unless the petitioner has exhausted available state court remedies as to each claim presented in the federal petition. *See* 28 U.S.C. § 2254(b)(1)(A).

To satisfy the exhaustion requirement, a habeas petitioner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct alleged violations of the petitioner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A state prisoner seeking relief with respect to a California conviction is required to exhaust his federal claims in a complete round of direct appeals or state habeas proceedings up to and including the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Here, Petitioner raises claims for ineffective assistance of counsel and an alleged violation of his *Miranda* rights. (Pet. at 9). But it appears that Petitioner raised only the ineffective assistance claim to the California Supreme Court. (*Id.* at 3). There is no evidence that Petitioner raised his *Miranda* claim in the California state courts. If a federal petition contains both exhausted and unexhausted claims, it is deemed a mixed petition that must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Therefore, Petitioner is ORDERED TO SHOW CAUSE **on or before December 10, 2018** why the Court should not dismiss the Petition for failure to exhaust state court remedies. To satisfy and discharge this Order to Show Cause, Petitioner must do one of the following:

1. Provide evidence that he has fully exhausted all claims in a complete round of direct appeals or state habeas proceedings up to the California Supreme Court. *See* 28 U.S.C. § 2254(b)(1)(A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-02368-AB (SK) | Date | November 9, 2018 |
|---|---|---|---|
| Title | Mr. Soon Park v. Mr. Morris et al. | | |

    2.    File an amended petition that deletes his unexhausted *Miranda* claim. *See Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014). An amended petition should be entitled First Amended Petition, contain only exhausted claims, and be complete in itself without reference to the original petition.

    3.    Seek a stay of the action by satisfying the requirements of *Rhines v. Weber*, 544 U.S. 269 (2005), so that he can return to state court to exhaust. A *Rhines* stay is "available only in limited circumstances," *id.* at 270, where the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

    4.    If the statute of limitations under 28 U.S.C. § 2244(d) has not lapsed, voluntarily dismiss the mixed petition without prejudice, return to state court to fully exhaust his claims, and then file a new, fully-exhausted petition before the expiration of the limitations period. *See Rose*, 455 U.S. at 518.

    **If Petitioner does not file a timely response to this Order to Show Cause, Petitioner is advised that the Court will recommend involuntary dismissal of the Petition for failure to prosecute and/or obey court orders.** *See* Fed. R. Civ. P 41(b); L.R. 41-1. If Petitioner no longer wishes to pursue this action or seeks to return to state court to fully exhaust within the time allowed by the statute of limitations, he may voluntarily dismiss the action without prejudice under Federal Rule of Civil Procedure 41(a) by filing a "Notice of Voluntary Dismissal." The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV-009.